**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEE BOOZER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-12E |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| | ) | Re: ECF Nos. 72 and 84 |
| SUPERINTENDENT LONNIE OLIVER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiff Lee Boozer ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). In this action, Plaintiff raises excessive use of force claims related to his confinement at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff filed a Second Amended Complaint on February 24, 2024. ECF No. 37.

Presently before the Court is Plaintiff's "Request Permission of the Court to File this Subpoena under Fed.R.Civ.P. 45 herein Defendant's Failure to Comply with LC V R 5.4 Filing of Discovery Materials," [sic throughout] which this Court construes as a motion to file a subpoena. ECF No. 72. Plaintiff also presents "Objections to Deputy Chief Counsel Refusal to Release the Subpoenad [sic] CCTV from SCI-Albion," which this Court construes as a motion to compel. ECF No. 84. For the following reasons, the Court will deny these motions.

In Plaintiff's motion to file a subpoena, he requests the Court's permission to subpoena "all requested video footage, medical triage room video, personal property inventory forms, and the confiscation notification all from July 7. 2022 [at] SCI-Albion concerning of Plaintiff Lee Boozer." ECF No. 72 at 2. He also requests a transcript of the deposition that defense counsel took of him on May 7. 2024. <u>Id.</u>

1

Defendants filed a Response to Plaintiff's motion to file a subpoena, ECF No. 81. They aver that they "sent the subpoena to the Department of Corrections to check if there are any additional videos, even though Defense counsel on this case has verified on multiple occasions that no additional videos in this case exist." Id. ¶ 7. The Department of Corrections informed Defendants that no additional videos exist, and Defendants informed Plaintiff of this fact on May 14, 2024. Id. ¶ 8. As to Plaintiff's request for a copy of the transcript of his deposition, Defendants also state that "it is not undersigned counsel's duty to pay for a copy of the deposition on behalf of the Plaintiff, because he is the one bringing suit against Defendants in this case" and to do so would deprive the court reporter of the pay she is entitled to receive for her work. Id. ¶¶ 14, 15. Defendants informed Plaintiff in their Response how to obtain a copy from the court reporter. Id. ¶ 17.

Plaintiff replied to the Response with his motion to compel. ECF No. 84. He reasserted his prior allegations that additional video footage must exist and requests the Court to compel Defendants to produce it. Id.

Upon review, Plaintiff's motions are denied. The Court cannot compel Defendants to produce videos that do not exist. See Williams v. Wetzel, No. 1:17-cv-179, 2019 WL 1206062, at *2 (M.D. Pa. March 14, 2019) ("It is clear that the court cannot compel the production of things that do not exist.").

Further, if Plaintiff desires a transcript of his deposition, one may be obtained by Plaintiff upon submission of a transcript order form and payment of the appropriate fees to the court reporter. See Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993) (citing 28 U.S.C. § 1915(b)) ("There is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute

authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant").

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion to file a subpoena, ECF No. 72, and motion to compel, ECF No. 84, are DENIED. In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: June _11_, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

LEE BOOZER
NP-4268
SCI CAMP HILL
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA 17001