IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE BOOZER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 23-12E |
| | ) |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| | ) Re: ECF No. 76 |
| SUPERINTENDENT LONNIE OLIVER, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Lee Boozer ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). In this action, Plaintiff raises excessive use of force claims related to his confinement at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff filed a Second Amended Complaint on February 24, 2024. ECF No. 37.

Presently before the Court is Plaintiff's "Motion for Extension of Time to Resolve Missing Discovery, Videos and Productions of Documents Requested," which he filed on June 4, 2024. ECF No. 76. Defendants filed a Response on June 13, 2024. ECF No. 86. Plaintiff then filed "Plaintiff's Objection to Corrections Defendants [sic] Response to Plaintiff's Motion for Clarification [ECF 70] and the Extension of Time to Resolve Discovery Evidence Motion" on June 21, 2024. ECF No. 87. Plaintiff's objections reiterate or clarify the statements in his initial Motion at ECF No. 76.[1] For the following reasons, the Court will deny the Motion.

In the instant Motion, Plaintiff requests that this Court extend discovery so he may acquire several pieces of evidence in order to "obtain a fair trial." Id. ¶¶ 22, 25. He argues that he

---

[1] While some statements in Plaintiff's objections specifically reference his "Motion for Clarity, Clarifying the Mistaken Property Confiscation Notice," ECF No. 70, these statements concern the property confiscation notice that is also at issue in Plaintiff's instant Motion, ECF No. 76.

1

will be prejudiced without additional time to gather relevant evidence. Id. ¶ 26. The Motion is unclear as to Plaintiff's specific discovery requests, but, construing the Motion liberally and in conjunction with his objections, Plaintiff appears to aver that Defendants have not provided him:

1. Relevant video footage, ECF No. 76 ¶¶ 10, 15 and ECF No. 87 at 3;

2. A transcript of his deposition from May 7, 2024, ECF No. 76 ¶ 16 and ECF No. 87 at 4;

3. Video footage from an alleged "video-taped" meeting on May 23, 2024 with SCI-Camp Hill Executive Deputy of Security, Michael Wenerowicz, regarding Defendant Joe Santos, ECF No. 76 ¶¶ 18, 20 and ECF No. 87 at 4;

4. An accurate property list from SCI-Albion, ECF No. 76 ¶¶ 8, 9 and ECF No. 87 at 1, 3;

5. Discovery responses from newly added Defendants, ECF No. 76 ¶¶ 12, 13, 17 and ECF No. 87 at 4; and

6. The dates and times that Defendants Oliver and Beerbower were "on C-B Pod in June-July 2022," ECF No. 87 at 4.

Construing the Motion liberally, Plaintiff also requests clarification as to whether all 23 Defendants were served and an explanation of the substance of the Court's Memorandum Order on March 20, 2024 at ECF No. 46. ECF No. 76 ¶ 12, 13.

In their Response to the instant Motion, ECF No. 86, Defendants address Plaintiff's concerns.

1. There is no additional available video footage that has not already been provided to Plaintiff, Id. ¶ 5;

2. Plaintiff can request and pay for a copy of his deposition from the court reporter, as they stated in ECF No. 81, ECF No. 86 ¶ 8;

3. Defense counsel is unaware of the alleged videotaped May 23, 2024 meeting. ECF No. 86 ¶ 9. Further, any such meeting would be irrelevant to Plaintiff's instant lawsuit, as he is currently incarcerated at SCI-Camp Hill, and the events giving rise to the current litigation occurred at SCI-Albion. Id. Mr. Weneroticz is not a named Defendant in this action, and Defendant Santos was not present at the meeting, Id. ¶¶ 9, 10;

2

4. Defendants mailed Plaintiff his requested property list, as was represented in their Notice to the Court at ECF No. 82, ECF No. 86 ¶ 7;

5. Defendants served Plaintiff their discovery responses before the June 3, 2024 deadline, ECF No. 86 ¶ 6; and

6. Defendants do not respond to Plaintiff's request as to Item No. 6.[2]

In addition, Defendants argue that Plaintiff has continually filed frivolous discovery motions. As such, they request that this Court deny any further extension of discovery. Id. ¶¶ 11, 12.

Upon review, Plaintiff's Motion is DENIED.

First, as noted in the Court's prior Memorandum Order, the Court cannot compel Defendants to produce videos that do not exist. ECF No. 85 at 2. An "immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation." Rosa-Diaz v. Harry, No. 1:17-CV-2215, 2018 WL 6322967, at *3 (M.D. Pa. Dec. 4, 2018) (citing AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009)).

Second, as the Court confirmed in its Memorandum Order dated June 11, 2024, Plaintiff must obtain a copy of his deposition transcript at his own cost. ECF No. 85 at 2-3. See Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993) (citing 28 U.S.C. § 1915(b)) ("There is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent

---

[2] Item No. 6 was unclear in the initial Motion, ECF No. 76, even to this Court, until Plaintiff explained this request in his Objections, ECF No. 87 at 4.

litigant"). To be clear, if Plaintiff wishes to obtain a copy of his deposition transcript, he can contact and make payment arrangements through Network Deposition Services, 707 Grant Street, Suite 1101, Pittsburgh, PA 15219, as instructed by counsel for Defendants. ECF No. 81 ¶ 17; ECF No. 86 ¶ 8.

Third, Plaintiff states that he seeks videotape of the alleged meeting that occurred on May 23, 2024 for impeachment purposes. ECF No. 76 ¶¶ 18-20; ECF No. 87 at 4. To the extent that this information may be relevant, Defendants are directed to determine if there is videotape of the meeting. The Court will defer ruling on this specific issue pending notification from the Department of Corrections that the videotape exists.

Fourth, Plaintiff alleges that the property list Defendants provided is from "SCI-Forest," not SCI-Albion. ECF No. 76 ¶¶ 8, 9; ECF No. 87 at 1, 3. Defendants filed a Notice of Compliance with the Court stating that they sent a property list to Plaintiff via U.S. Mail. ECF No. 82 ¶ 6. However, this notice does not detail which property list they sent to Plaintiff. Accordingly, the Court directs Defendants to send Plaintiff the July 7, 2022 property list from SCI-Albion or lodge any objections they may have to Plaintiff's request. Defendants are directed to promptly file a notice with the Court when this document has been provided to Plaintiff or objections have been lodged.

Fifth, Plaintiff states that Defendants have not provided him with answers to his discovery requests. He has not provided the Court with a copy of the requests at issue or Defendants' initial responses. However, Defendants represent that Plaintiff has been provided with the discovery responses. ECF No. 86 ¶ 6. To avoid potential confusion, the Court directs Defendants to send Plaintiff one additional copy of their discovery responses. Defendants are

also directed to promptly file a notice with the Court once the responses have been provided to Plaintiff.

Sixth, Plaintiff states he never received the work schedules of Defendants Oliver and Beerbower. ECF No. 87 at 4. Defendants do not address this issue. ECF No. 86. Accordingly, the Court directs Defendants to promptly produce responsive information.

Plaintiff also requests clarification as to whether all 23 Defendants were served and asks for an explanation of the Court's Memorandum Order dated March 20, 2024 at ECF No. 46. ECF No. 76 ¶¶ 12, 13. All Defendants have been served. See ECF Nos. 16 and 80. In the Memorandum Order dated March 20, 2024, ECF No. 46, the Court granted in part and denied in part Plaintiff's Motion to Compel Discovery, ECF No. 38. Defendants were ordered to provide Plaintiff with certain responsive documents. The Court then issued an amended case management order extending discovery until June 3, 2024. ECF No. 47. Plaintiff may reference the Memorandum Order entered at ECF No. 46 for further details. Another copy of the Memorandum Order, ECF No. 46, will be contemporaneously provided to Plaintiff as a courtesy.

For these reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time, ECF No. 76, is DENIED. The Court specifically defers ruling regarding the alleged May 23, 2024 videotaped meeting until receiving notice from the Defendants whether such videotape exists.

Defendants are directed to produce all identified information by July 10, 2024.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: June 28, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

LEE BOOZER
NP-4268
SCI CAMP HILL
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA 17001