IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE BOOZER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-12E |
| | ) | |
| v. | ) | Chief Judge Mark H. Hornak |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT LONNIE OLIVER, *et al.*, | ) | Re: ECF No. 93 |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Plaintiff Lee Boozer ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). In this action, Plaintiff raises excessive use of force claims related to his confinement at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff filed a Second Amended Complaint on February 24, 2024. ECF No. 37.

Presently before the Court is Plaintiff's "Motion Requesting an Expert for Testing Authenticity of CCTV Video Footage's [sic]." ECF No. 93. For the following reasons, the Court will DENY the motion.

In the motion, Plaintiff requests that the Court appoint an expert to opine whether the video footage of his alleged assault was altered by the Defendants. Id. at ¶¶ 5, 6. In support of this request, Plaintiff states that "most of the accusations Plaintiff will attempt to prove at trial has been edited out." Id. at ¶ 5. He also avers that he requires an expert to opine as to the accuracy and credibility of the Defendants. Id. at ¶ 7.

Following review of the motion, the Court issued a Memorandum Order dated July 15, 2024, ECF No. 96, directing the Defendants to provide details to the Court regarding the video footage in the instant case. Defendants provided the information to the Court on July 25, 2024.

1

Subsequently, the Court requested the relevant video footage from Defendants. ECF No. 103. The Defendants provided the video footage on August 5, 2024 and August 6, 2024. The Court has carefully reviewed all video footage provided to it.

Under Federal Rule of Evidence 706(a), the Court may appoint an expert witness agreed upon by the parties or of the Court's own selection. Fed.R.Evid. 706(a). "Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow." Fed.R.Evid. 706(b). In civil actions, "compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Id. The United States Court of Appeals for the Third Circuit has noted that the Court's authority regarding Rule 706 experts "extends to excusing indigent parties from paying their share of the costs." Davis v. United States, 266 F. App'x 148, 150 (3d Cir.2008) (citations omitted).

However, Rule 706 calls only for the appointment of an expert to aid the court, and not for the purpose of aiding an indigent litigant, incarcerated or not. Kerwin v. Varner, No. 03-2253, 2006 WL 3742738, at *2 (M.D. Pa. Dec. 15, 2006); see also Ford v. Mercer Cty. Corr. Ctr., 171 F. App'x 416, 420 (3d Cir. 2006) (While Rule 706 grants district courts discretion to appoint an expert, the "policy behind the rule is to promote the jury's factfinding ability."). A Rule 706 expert is an independent expert, and not a member of any party's litigation team. Id.

Furthermore, Plaintiff's position as a *pro se* litigant proceeding *in forma pauperis* does not require that the Court pay for an expert's fees. See Parham v. Johnson, 7 F. Supp. 2d 595, 600 n.5 (W.D. Pa. 1998) (citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) and Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993)); see also Hodge v. United States, 2009 WL 2843332, at *4-5 (M.D. Pa. Aug. 31, 2009). It is well established that plaintiffs proceeding *in forma pauperis* are responsible for their expert witness fees in civil actions. Boring, 833 F.2d at 474; see also Williams

2

v. Kort, No. 02-2320, 2007 WL 2071886, at *2 (M.D. Pa. July 19, 2007) (citing Boring and Tabron and stating that the *pro se* plaintiff "bears sole responsibility for his failure to comply with the court's order to submit an expert report when he lacks the financial resources to pay an expert."); Wilkerson v. United States, No. 07-2228, 2009 WL 1045865, at *1-2 (M.D. Pa. April 20, 2009) (citing Boring and Tabron and denying motion for independent medical examination filed by *pro se* plaintiff proceeding in forma pauperis). Plaintiff's inability to obtain or pay for an expert witness is no different than a non-prisoner litigant confronted with the same difficulty. See Boring, 833 F.2d at 474.

This Court also notes that it did not observe any objective basis to conclude that the video footage was altered or otherwise manipulated.

For these reasons, IT IS HEREBY ORDERED that the "Motion Requesting an Expert for Testing Authenticity of CCTV Video Footage's [sic]" at ECF No. 93 is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: August 12, 2024

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark H. Hornak
Chief District Judge

All counsel of record via CM/ECF

LEE BOOZER
NP-4268
SCI CAMP HILL
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA 17001